# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLSTATE INSURANCE COMPANY, an Illinois Corporation,<br><br>                                  Plaintiff,<br>vs.<br><br>ANTONIO OSUNA; CLAUDIA OSUNA; and MARLA "ROE,"<br><br>                                  Defendants. | CASE No. 12-CV-1248 JLS (BLM)<br><br>**ORDER: (1) GRANTING PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE; AND (2) GRANTING PLAINTIFF'S MOTION TO LIFT STAY**<br><br>(ECF No. 7) |

Presently before the Court is Plaintiff Allstate Insurance Company's ("Plaintiff") Motion to Lift Stay. (ECF No. 7.) Also before the Court is Plaintiff's Request for Judicial Notice ("RJN"). (ECF No. 7-2.) Defendants Antonio Osuna, Claudia Osuna, and Marla "Roe" (collectively, "Defendants") did not respond to the Motion. Having reviewed the Motion and the law, the Court **GRANTS** Plaintiff's RJN and **GRANTS** Plaintiff's Motion to Lift Stay.

## I.   Request for Judicial Notice

Federal Rule of Evidence 201 provides that "[t]he court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." "Judicially noticed facts often consist of matters of public record." *Botelho v. U.S. Bank, N.A.*, 692 F.

1  Supp. 2d 1174, 1178 (N.D. Cal. 2010) (citations omitted); *see also W. Fed. Sav. & Loan*
2  *Ass'n v. Heflin Corp.*, 797 F. Supp. 790, 792 (N.D. Cal. 1992). While "a court may take
3  judicial notice of the existence of matters of public record, such as a prior order or
4  decision," it should not take notice of "the truth of the facts cited therein." *Marsh v.*
5  *Cnty. of San Diego*, 432 F. Supp. 2d 1035, 1043 (S.D. Cal. 2006).

6      Plaintiff asks the Court to judicially notice the following three documents: (1) the
7  Judgment in *Roe v. Osuna, et al.*, San Diego Superior Court case no. 37-2012-
8  00091030-CU-PO-CTL (RJN Ex. A, ECF No. 7-3); (2) the Order on Motion for Relief
9  from Automatic Stay in *In re Claudia Osuna*, U.S. Bankruptcy Court for the Southern
10 District of California case no. 12-10304-LT7 ("the Bankruptcy Action") (*Id.* Ex. B);
11 and (3) the Order Granting Allstate Insurance Company's Motion for Relief from
12 Automatic Stay in the Bankruptcy Action (*Id.* Ex. C).  All of these documents are
13 available to the public and are certified and maintained by an official office.  Their
14 accuracy cannot therefore be reasonably disputed.  Accordingly, the Court **GRANTS**
15 Plaintiff's RJN as to all three documents.

16 **II.    Motion to Lift Stay**

17     Defendants failed to file an opposition to the Motion within the time specified by
18 Civil Local Rule 7.1(e)(2).  Accordingly, the Court finds that Defendants consent to the
19 Motion pursuant to Civil Local Rule 7.1(f)(3)(c).

20     Further, the Order Granting Allstate Insurance Company's Motion for Relief
21 from Automatic Stay in the Bankruptcy Action states:

> Pursuant to Section 362 of Title 11 of the United States Code, the Court confirms that the automatic stay is inapplicable to Allstate's declaratory relief action against debtor Claudia Osuna, captioned *Allstate Ins. Co. V. Osuna, et al.*, United States District Court for the Southern District of California, Case No. 3:12-cv-01248-JLS-BLM, and that Allstate may immediately resume prosecution of that matter.

(RJN Ex. C, ECF No. 7-3.)  Accordingly, the Court finds that the stay in this matter is no longer in effect, and the Court therefore **GRANTS** Plaintiff's Motion.

**III.   Conclusion**

    In light of the foregoing, the Court **GRANTS** Plaintiff's Request for Judicial

1  Notice and **GRANTS** Plaintiff's Motion to Lift Stay.
2      **IT IS SO ORDERED**.
3  DATED: December 6, 2013

4  _____
   Honorable Janis L. Sammartino
5  United States District Judge